**UNITED STATES DISTRICT COURT**
                          **DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>PAUL W. GRIMM<br>CHIEF UNITED STATES MAGISTRATE JUDGE | 101 W. LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4560<br>(410) 962-3630 FAX |

                              October 11, 2012

Tracey Nicoll Pate, Esq.
Disability Associates, LLC
1226 Race Road, Suite B
Baltimore, MD  21237

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

    **Re: Stephanie Campbell v. Michael J. Astrue, Commissioner of Social Security, PWG-10-2429**

Dear Counsel:

    Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Campbell's claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 11,15,22). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.   For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

    Stephanie Campbell (sometimes referred to as "Ms. Campbell" or "Claimant") applied for DIB on November 20, 2007, alleging that she was disabled as of March 20, 2007, due to fibromyalgia, back problems, hypertension, and depression. (Tr. 110, 144). Her claim was denied initially, and upon reconsideration. (Tr. 65-73).  After a hearing held on September 2, 2009, before an Administrative Law Judge, the Honorable Judith A. Showalter, ("ALJ") her claim was denied in a decision dated October 28, 2009. The ALJ found that Ms. Campbell's obesity, fibromyalgia,

                                     1

and status post microdiskectomy with residual back pain were severe impairments, but they did not meet, or medically equal, any of the listed impairments. (Tr. 16-18). The ALJ also found that Ms. Campbell retained the residual functional capacity ("RFC") to perform less than a full range of light work.[1] Based on her RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ found that Claimant was not precluded from performing her past relevant work ("PRW").  Accordingly, the ALJ found that she was not disabled. (Tr. 11-23). On July 27, 2010, the Appeals Council denied Ms. Campbell's request for review, making her case ready for judicial review. (Tr. 1-5).

Claimant raises three arguments in support of her contention that the Commissioner's final decision should be reversed or, in the alternative, remanded.  The undersigned has considered all of them, and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Ms. Campbell's first argument is that the ALJ failed to assess her credibility appropriately by improperly considering her allegations of pain resulting from fibromyalgia. See Plaintiff's Memorandum, pp. 10-12.  However, after review of the ALJ's decision and the record, I find that the Claimant's arguments are without merit.  The ALJ adequately explained her credibility determination. *See* SSR 96-7p.[2]  In determining

---

[1] The ALJ found Ms. Campbell's capacity for a full range of light work was diminished by her inability to perform postural activities more than occasionally, and her inability to climb ladders, ropes, or scaffolds. (Tr. 18).

[2] SSR 96-7p, in relevant part, states:

4. In determining the credibility of the individual's statements the adjudicator must consider the entire case record, including the objective medical evidence, **the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

2

Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ noted Claimant's testimony, including her statements that she cannot close her hands due to swelling and numbness, and that her joints ached constantly. The ALJ noted that Claimant can grocery shop, care for her personal hygiene, but can only vacuum once every two weeks and is able to handle her personal finances.(Tr. 21). However, the ALJ's inquiry did not end there. The ALJ also considered the findings of Dr. Gibb and CRNP Michael Crum, and the treatments they prescribed for Claimant. The ALJ also discussed the findings of the state agency physicians. (Tr. 22). The ALJ noted that neither Dr. Gibb, nor Dr. Barrish, who examined Claimant on behalf of the state agency, found any swelling in Claimant's hands. The ALJ discussed the fact that there were no objective findings in the records confirming nerve damage in Claimant's extremities, and that Ms. Campbell reported adequate pain relief from her prescriptions which included Vicodin, Oxycodone, Flexeril, and Ultram. (Tr. 21). The ALJ also adequately explained the reasons for rejecting the opinions of Dr. Gibb and Nurse Practitioner Crum that Ms. Campbell was not physically or mentally able to sustain work. (Id.) The ALJ also explained in sufficient detail why she found Claimant's subjective complaints less than wholly credible. (Tr. 18-20).

In sum, the ALJ's discussion of the factors listed in SSR 96-7p, and her discussion of Ms. Campbell's testimony regarding her activities, was in accordance with SSR 96-7p[3].

---

5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.**

96-7p (1996 WL 374186, at *1-*2) (emphasis added).

[3] SSR 96-7p also provides:

The adjudicator must consider certain factors "in

3

Claimant's second argument is that the ALJ failed properly to consider the opinions of her treating physician, Dr. Michael Gibb[4] and treating nurse practitioner, Michael Crum.[5] The Commissioner argues that the ALJ considered these opinions, but

---

> addition to the objective medical evidence when assessing the credibility of an individual's statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p (1996 WL 374186, *2 (S.S.A.)).

[4] In August 2008, Dr. Gibb completed a Medical Assessment Report, in which he stated that Ms. Campbell did not have the strength and endurance necessary to lift objects weighing 10 pounds, and that she could only stand and walk for a total of one hour in an eight work day. Dr. Gibb also stated that Ms. Campbell could never climb, stoop, crouch, crawl, kneel, push or pull, and that she needed to lie down for an hour and a half during an 8 hour work day. Dr. Gibb also stated that the side effects of Claimant's medications would cause substantial restrictions on Claimant's capacity to speak. (Tr. 398-400).

[5] In November 2007, Nurse Practitioner Crum completed a Medical Report Form, in which he stated, relevantly, that Ms. Campbell's functional capacity had gradually deteriorated and that prolonged activities aggravate her back pain, which is compounded by fibromyalgia.  (Tr. 307).

4

properly afforded them minimal weight. *See* Defendant's Memorandum, pp. 18-20.

The opinion of a treating physician is given controlling weight when: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2)). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the record to determine the extent to which the opinion is supported by it.

Contrary to Claimant's argument, I find that the ALJ adequately discussed the opinions of Dr. Gibb and Nurse Practitioner Crum, and explained why she was according their Medical Assessment Reports less than controlling weight. The ALJ noted that there was no evidence in their treatment notes to support their opinions regarding Ms. Campbell's extreme functional limitations. (Tr. 22, Tr. 251-281). For example, the ALJ discussed the Claimant's MRI results, which showed no significant spinal narrowing and only minor disc bulges. The ALJ also noted that Ms. Campbell reported to Dr. Gibb that she was able to function on Vicodin and that, despite her back pain, she was able to pick papers up off the floor. See Exhibits 4-F and 6-F, 19-F 20-F and 22-F. (Tr. 251-270, 278, 398-400, 401-406). The evidence of record properly was considered by the ALJ, and her findings are explained and supported by substantial evidence.

Claimant's final argument is that the ALJ erred at the fourth step of the sequential evaluation because the ALJ's finding that Claimant could perform PRW was not supported by specific findings or an analysis of the physical and mental demands of her past work. The Commissioner argues that the ALJ's determination that Ms. Campbell was capable of performing her PRW is substantially supported by, and consistent with, the vocational information and the VE's testimony.

Under the fourth step of the disability inquiry, a claimant will be found not disabled if she is capable of performing her past relevant work either as she performed it in the past, or as it is generally required by employers in the national economy. *Pass v. Chater,* 65 F.3d 1200, 1207 (4th Cir. 1995) (emphasis

5

added), citing SSR 82-61(1982 WL 31387 **2(S.S.A))(if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be not disabled).  After review of the record and the ALJ's decision, I am not persuaded by Claimant's argument.  The ALJ's findings about the requirements of Claimant's PRW --as performed in the economy--are consistent with the testimony of record and the vocational information.  SSR 82-62, in relevant part, provides:
> ...[D]etermination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

(1982 WL 31386, *3) (S.S.A)).

At the hearing, the ALJ specifically asked Ms. Campbell about the demands of her previous jobs.  For example, the ALJ asked what type of work she did, where she worked, how much lifting was involved, and how much of her time was spent sitting and standing. (Tr. 30-35, 45).  Ms. Campbell also completed forms detailing the type of work she performed, how much lifting was required, and what her duties included. (Tr. 145).  The ALJ stated that her decision regarding Ms. Campbell's ability to perform her PRW was based on the VE's testimony at the hearing. At the hearing, the ALJ asked the VE to describe Ms. Campbell's previous work. (Tr.  55-59).  In response, the VE stated that Claimant's previous work as a clerk/cashier was a position that is classified as a light exertional level, with an SVP[6] of two,

---

[6] Specific Vocational Preparation, ("SVP") as defined in Appendix C of the *Dictionary of Occupational Titles*, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. U.S. Department of Labor. (1991). *Dictionary of*

and that the front desk clerk position is classified as light, semiskilled, with an SVP of four. (Tr. 56).

It was proper for the ALJ to rely on the testimony of Claimant and the VE as sources for vocational information. 20 CFR §404.1566. Thus, there is adequate information in the record to support the ALJ's determination about the exertional and nonexertional demands of Ms. Campbell's past relevant work and her ability to perform it.

In sum, the ALJ's decision is supported by substantial evidence and must be affirmed. Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion. A separate Order shall issue.

                                 Sincerely,

                                  /s/
                                Paul W. Grimm
                                United States Magistrate Judge

---

*Occupational Titles* (Rev. 4th ed.). Washington, DC: U.S. Government Printing Office.